## JOSIAH ALLEN *et al. versus* ELIAS G. RICHARDS *et al.*

De*v*ise as follows:—" I give and devise to my son O. the whole of the farm and buildings where I now live." The testator usually procured his fire wood from the tract of land on which his house stood. Half a mile from this tract and a n le from his house he had a wood lot, which was commonly called the *Wrentham lot*, and from which he sometimes got rails for his farm and frequently sold cord wood and timber, using only the loppings for his own fires *Held*, that this lot did not pass by the devise as a part of the farm.

PETITION for partition. The petitioners claim to be seised each of one twelfth part of a tract of woodland, as heirs of Nathaniel Shepardson. The respondents plead that they, as tenants in common, are seised of all the land, and traverse the seisin of the petitioners ; upon which issue is joined.

It was agreed by the parties, that Nathaniel S. died seised of the land, leaving twelve heirs, of whom the petitioners are five. Otis Shepardson was one of the heirs, and the respondents are the heirs of Otis. The respondents claim under the will of Nathaniel, in which he devised to his widow, during her life, the use and improvement of all the homestead or farm whereon he then lived, and to his son Otis, in fee, the whole of the farm and buildings where he (the testator) then lived, after the decease of his widow. By the other provisions in the will the testator gave all his personal property to his widow and to Otis, a pew to two of his daughters, ten acres of land in Wrentham to his son Nathaniel, and several pecuniary legacies to his daughters, one of which was to be paid by his son Nathaniel and the others by Otis, who was also to pay the testator's debts and funeral charges.

It appeared in evidence, that the land described in the petition was, during the testator's lifetime, woodland, that it was situated about one mile from his dwellinghouse and half a mile

---

[1] See 2 Stark. Ev. (5th Am ed.) 932, n. 1; *Ware* v. *Ware*, 8 Greenl. 42.

from the nearest part of the farm on which the house stood, that it was usually called the *Wrentham lot*, that the farm on which the house stood is in Rhode Island and the wood lot in this State, that there was on this farm a great deal of woodland from which the testator usually procured wood for the supply of his fires, that he frequently sold from the Wrentham lot cord wood and hoop poles, and sometimes got from it rails for the use of his farm, and the wood remaining, after taking the rails and merchantable cord wood, was frequently carried to his house and there consumed.

It also appeared, that the testator made by parol a division of his real estate between his three sons, and set off to each a part, which he occupied during the testator's lifetime; that Otis occupied the homestead, and with it, also used the Wrentham lot, so far as to take the wood and rails from it for the use of the house and farm as before stated, but that the proceeds of the timber and cord wood taken from it were received by the testator.

Upon this evidence *Morton* J. was of opinion, that the Wrentham lot did not constitute a part of the homestead, and did not pass by the will to Otis. Whereupon the parties agreed that a verdict should be returned for the petitioners, and that if the whole Court should be of the same opinion, judgment should be rendered upon the verdict; but if of opinion that the land in question passed by the will to Otis, then judgment should be rendered in favor of the respondents.

*Metcalf*, for the plaintiffs, referred to *Doe* v. *Oxenden*, 3 Taunt. 147 ; *Doe* v. *Greening*, 3 Maule & Selw. 171 ; *Jackson* v. *Moyer*, 13 Johns. R. 531 ; *Lane* v. *Earl of Stanhope*, 6 T. R. 345 ; Plowd. 195 ; *Doe* v. *Earl of Lucan*, 9 East, 449.

*A. Cushman*, for the respondents.

*Per Curiam.* Judging from the extrinsic evidence, there are circumstances which would lead us to suppose the testator intended that the land in dispute should pass to his son Otis ; but looking at the will alone, we must come to a different conclusion. Though a man owning a farm in one town and a parcel of woodland or salt marsh in another, may use the atter in some respects like a part of the farm, yet such words

Allen
*v.*
Richards

*Oct. 30th.*

514
*Nov. 2d.*

Allen
v.
Richards.

as are here employed, in a will or conveyance, would not be
sufficient to pass the woodland or salt marsh.   Extrinsic evi-
dence can be admitted only to show whether the remote land
was used as a part of the farm.   In the case before us the
use was equivocal.   The evidence is not strong enough to
make us say that the land in controversy was intended to pass
as a part of the farm devised.   See 3 Taunt. 147, 3 Maule
& Selw. 171, and particularly 13 Johns. R. 531, cited in the
argument.[1]

*Judgment for partition.*

---

[1] See Ram on Wills, 145, *et seq.;* 2 Stark. Ev. (5th Amer. ed.) 927, 928.